UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BRYAN SIMPSON, CHRISTGON SIMPSON, KLEARANCE SIMPSON, SHANNON SIMPSON, CHRISTINE SNOKE, TRAVIS STACHOWSKI, TRACIE TIRADO, REYNALDO TORRES JR., ANGELITA WALKER, TIFFANY WALKER, JACOB WAYNICK, MARIANNA WAYNICK, BRADLEY WHEELER, PAIGE WHEELER, Plaintiffs, vs. OHANA MILITARY COMMUNITIES, LLC; HUNT MH PROPERTY MANAGEMENT, LLC; DOE DEFENDANTS 1-10, Defendants. | CIV. NO. 24-00225 LEK-KJM |

**ORDER GRANTING THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS THIRD-PARTY COMPLAINT, AND REMANDING THE REMAINDER OF THE CASE TO STATE COURT**

Before the Court is Third-Party Defendant United States of America's ("United States" or "the Government") Motion to Dismiss Third-Party Complaint, filed on June 14, 2024

("Motion"). [Dkt. no. 10.] Defendants/Third-Party Plaintiffs Ohana Military Communities, LLC and Hunt MH Property Management, LLC ("Landlord Defendants") filed their memorandum in opposition and Plaintiffs Bryan Simpson, et. al. ("Plaintiffs") filed their responsive memorandum ("Plaintiffs' Responsive Memorandum") on July 19, 2024. [Dkt. nos. 14, 15.] On July 26, 2024 the United States filed a reply. [Dkt. no. 16.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). As follows, the Government's Motion is granted because the Court cannot acquire jurisdiction over the Federal Tort Claims Act ("FTCA") claims upon removal based on the derivative jurisdiction doctrine since the state court lacked jurisdiction over those claims in the first place.

## BACKGROUND

The operative pleading at the time of removal was the Complaint, filed on November 6, 2023 in the First Circuit Court of the State of Hawai`i ("state court"). [United States of America's Notice of Filing Records and Proceedings from State Court Action ("Notice of Filing"), filed 6/4/24 (dkt. no. 9), Exh. A (state court documents) at PageID.76-90 ("Complaint").] A group of tenants alleged solely state law claims against the Landlord Defendants. [Id. at ¶¶ 5-23, 38-78.]

On December 8, 2023, the Landlord Defendants filed the "First Amended Answer to Plaintiffs' Complaint Filed November 6, 2023 [Dkt. 1]" ("Amended Answer") and the "Third-Party Complaint Against United States of America" ("Third-Party Complaint"). [Notice of Removal of Civil Action, filed 5/24/24 (dkt. no. 1), Exh. A (Amended Answer and Third-Party Complaint).] The Landlord Defendants alleged claims pursuant to the FTCA against the United States. [Id. at PageID.35-47 (Third Party Complaint).] On the same day, the Landlord Defendants removed the action to the Court, pursuant to Title 28 United States Code Section 1441 ("Simpson I"). See generally Notice of Filing, Exh. A (state court documents) at PageID.152-161 (Simpson I Notice of Removal). On April 10, 2024, the Court remanded Simpson I, after determining the Landlord-Defendant's removal pursuant to Section 1441 was improper. [Order Granting Plaintiffs' Motion for Remand, and Dismissing Third-Party Defendant United States's Motion to Dismiss as Moot, filed 4/10/24 (dkt. no. 23) ("Simpson I Order")[1].]

On May 24, 2024, the United States removed the Third-Party Complaint to the Court pursuant to Title 28 United States Code Section 1442(a)(1). See generally Notice of Removal.

**DISCUSSION**

---

[1] The Simpson I Order is also available at 2024 WL 1556428.

3

The United States argues the doctrine of derivative jurisdiction requires the dismissal of the Third-Party Complaint against the United States. [Motion, Mem. in Supp. at 6-8.] Plaintiffs do not oppose dismissal of the United States, but request remand of Plaintiffs' remaining claims to state court. [Response at 2.] The Landlord Defendants oppose the dismissal of the United States, arguing that the United States is a necessary party, that Plaintiffs engaged in forum-shopping by selecting state court to bring their claims, and the entire case will be dismissed if the United States cannot be brought into the case because it is a necessary party. [Mem. in Opp. at 3-4.] The Court agrees with the United States: the United States must be dismissed pursuant to the derivative jurisdiction doctrine, and the remainder of the case remanded to state court.

The state court lacked jurisdiction over the Landlord Defendants' FTCA claims against the United States. See 28 U.S.C. § 1346(b) (stating that federal district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."; see also Will v. United States, 60 F.3d 656, 659 (9th Cir. 1995) ("Under the FTCA, the [federal] district courts have exclusive

4

jurisdiction over claims against the United States for injuries or losses of property caused by the negligent or wrongful act or omission of a government employee.").

The Court cannot acquire jurisdiction over the FTCA claims upon removal pursuant to the derivative jurisdiction doctrine. Pursuant to the derivative jurisdiction doctrine, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." Minnesota v. United States, 305 U.S. 382, 389 (1939). Therefore, "[i]f the state court lacks jurisdiction of the subject-matter or the parties, the federal court acquires none" upon removal. Lambert Run Coal Co. v. Baltimore & O.R. Co., 258 U.S. 377, 382 (1922); see also Cox v. U.S. Dept. of Agriculture, 800 F.3d 1031, 1032 (9th Cir. 2015) (determining the district court lacked jurisdiction over an action against a federal agency that the agency removed pursuant to 28 U.S.C. § 1442 under the doctrine of derivative jurisdiction); Pauline v. Dir. DOJ, CIV. NO. 19-00167 LEK-KJM, 2019 WL 3781425, at *5 (D. Hawai`i Aug. 12, 2019) ("Because the state court did not have jurisdiction over Plaintiff's FTCA claims, 'the federal court acquires none.'" (quoting Lambert, 258 U.S. at 382)).

Accordingly, the claims against the United States asserted in the Third-Party Complaint must be dismissed, and the remaining claims against Landlord Defendants must be remanded to state court. See State of Neb. ex rel. Dept. of Social Services v. Bentson, 146 F.3d 676, 679-80 (9th Cir. 1998) (noting the inclusion of a federal agency gave rise to the case's removability, and the dismissal of the agency destroyed subject matter jurisdiction, necessitating remand of the remaining claims to state court); see also Kim v. Queen's Med. Ctr., Civ. No. 19-00463 JMS-WRP, 2020 WL 1044004, at *3 (D. Hawai`i Mar. 4, 2020) (dismissing the action for lack of subject matter jurisdiction as to a federal agency defendant, and remanding the remainder of the case to state court); Munshower v. City of Lodi, No. 2:16-cv-01163-JAM-EFB, 2016 WL 6875905, at *2 (E.D. Cal. Nov. 22, 2016) (dismissing removed FTCA claims in cross-complaint and remanding remainder of case back to state court).

Dismissal is without prejudice. See Lambert, 258 U.S. at 383. Because the jurisdictional defect cannot be remedied, making amendment futile, dismissal is without leave to amend. See Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010).

## CONCLUSION

For the foregoing reasons, the United States's Motion to Dismiss Third-Party Complaint, filed on June 14, 2024, is GRANTED. The Third-Party Complaint is DISMISSED WITHOUT

PREJUDICE AND WITHOUT LEAVE TO AMEND, and the remainder of the case is remanded to state court. The Clerk's Office is DIRECTED to effectuate the remand and close the case on **August 26, 2024.**

　　　　IT IS SO ORDERED.

　　　　DATED AT HONOLULU, HAWAII, August 9, 2024.



　　　　　　　　　　　　　　　　　　/s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　　　United States District Judge

BRYAN SIMPSON, ET AL. V. OHANA MILITARY COMMUNITIES, LLC, ET AL.; CV 24-225 LEK-KJM; ORDER GRANTING THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS THIRD-PARTY COMPLAINT, AND REMANDING THE REMAINDER OF THE CASE TO STATE COURT